DAVID A. BOODY ET AL., PLAINTIFFS IN ERROR, v.
CAROLINE C. PRATT, DEFENDANT IN ERROR.

Argued December 1, 1899—Decided March 5, 1900.

1. The report of a referee that a certain sum is due to the defendant upon an uncontradicted " account, a copy of which is annexed to the declaration," is such a finding of fact as to make the report *prima facie* evidence upon the trial of the cause.
2. P., having an account with B. & Co., a firm of brokers, and being about to transfer $15,000 to a new account to be opened with the same firm in the name of Mrs. P., his wife, stipulated orally with B. & Co., that notwithstanding such transfer the new account should, to the extent of the sum so transferred, be at all times used by B. & Co. to make good P.'s account with its firm. When the transfer was made, Mrs. P. gave to B. & Co. written authority to execute orders on her account given by P. After the death of P. the account with Mrs. P. showed a balance in her favor of $11,756.66; that with P. showed a deficit in excess of $15,000. *Held,* that it was error to direct a money verdict against B. & Co. in favor of Mrs. P. upon her set-off.

On error to the Supreme Court.

The plaintiffs, by a bill of particulars annexed to their declaration, showed that by their own account with the defendant there was a balance in her favor of $11,756.66. Upon a reference that sum was reported as due the defendant. When the cause came on to be tried at the Union County Circuit, the plaintiffs did not move the case. The defendant then moved the case. Defendant's counsel offered in evidence the transcript of the case and a copy of the referee's report, which was objected to, admitted and an exception allowed. The defendant then rested.

Mr. Strong opened the case for the plaintiffs in rebuttal.

By consent, Mr. Strong read the evidence of David A. Boody, taken before the referee, it being agreed the same should have the same force and effect as if the witness were present, subject, however, to any objections that might be made.

The evidence is as follows:

"David A. Boody, being duly sworn according to law,. deposes and says: 'I am one of the firm of Boody, McLellen & Company, and reside in New York city, in the borough of Brooklyn; I was, in June, 1888, a member of that firm, and have been at all times since then; we were and now are in business in New York as bankers and brokers; on June 7th,. 1888, an account was opened with our firm in the name of Caroline C. Pratt; Charles E. Pratt, the husband of Caroline C. Pratt, opened that account; at the time of opening that. account, Mr. Pratt, the husband of Caroline, produced to us a paper or authorization which I hold in my hand.' [Marked previously 'D 1' by identification.]

"The paper offered in evidence and admitted, subject to· Judge Vail's objection. [Marked 'Exhibit D 1.']

"'The first item on the credit side of the account opened by Charles E. Pratt, in the name of Carrie C. Pratt, is the sum· of $15,000.'

"Q. From what source was that $15,000 derived?

"[Question objected to by Judge Vail. Overruled subject· to argument.]

"A. It was transferred from the account of Charles E. Pratt to the credit of Carrie C. Pratt; it was transferred from his account with our firm; all of these transactions· were at our office in the city of New York.

"Q. Prior to the transfer of this sum of $15,000 from his· account to the account of his wife, or at the time of such transfer, did you have any conversation with Mr. Pratt regarding the conditions upon which the account in her name· should be opened and conducted?

"[Objected to by Judge Vail. Objection overruled as· above.]

"A. At the time the account was opened, and at all subsequent times, it was the agreement that the sum so transferred and the account so constituted should be under the control of Mr. Charles E. Pratt, and subject to all transactions which he might have with us; I mean further that he lodged with·

us the paper already referred to signed by Carrie C. Pratt, which ratified that agreement.

"*Q.* When you say subject to all transactions, what do you mean by that?

"[Objected to by Judge Vail. Objection overruled as above.]

"*A.* I mean by that that should his account require this amount of money so transferred, it should at all times be used for that purpose, to make good his account, notwithstanding the transfer to his account; that was the result of our conversation with Mr. Pratt; the account of Mr. Pratt with our firm was continued after that date; that account at the present time owes us a large sum of money; it is many thousands of dollars; it largely exceeds $15,000.

"Book showing account of Charles E. Pratt with the firm of Boody, McLellen & Company offered in evidence. Received subject to objection and future argument.

"No cross-examination of witness.

"Plaintiffs' counsel also offered in evidence the paper referred to in Mr. Boody's testimony and marked 'Exhibit No. 1' at that time, and the same is now marked 'Exhibit No. 1, Plaintiffs, May 10, 1899.' It is as follows:

"'NEW YORK, June 7, 1888.

"'*To Boody, McLellen & Co., N. Y. City:*

"'Please acknowledge and execute any orders on my account given you by Mr. C. E. Pratt, as if given by myself, until further notice.

"'CARRIE C. PRATT.'"

For the plaintiffs in error, *Willard P. Voorhees* and *Alan H. Strong.*

For the defendant in error, *Vail & Ward* and *Frank Bergen.*

The opinion of the court was delivered by

GARRISON, J. At the trial the court directed the jury to find by its verdict that the sum of $11,756.66, with interest,

was due from the plaintiffs to the defendant upon her set-off, that being the amount reported to be due by the referee to whom the account had been referred. The admission of this report was objected to by the plaintiffs upon the ground that the statement of the amount found to be due was a conclusion of law and not a finding of fact. The report, however, made such reference to the set-off and bill of particulars annexed to and forming part of the plaintiffs' declaration as to make it *prima facie* evidence of the uncontradicted state of that account. It was not error, therefore, to admit the report, and upon it alone a verdict for the defendant might have been directed had not the plaintiffs given testimony that placed the transaction in a different light. The whole transaction must be gathered from this proof, as there is none other. One view of the affair, in the light of this evidence, is that Mr. Pratt, at the time he proposed to transfer $15,000 from his account with Boody & Company to a new one to be opened in the name of his wife, stipulated with Boody & Company, who were his brokers, that notwithstanding the transfer the new account should, to the extent of the sum transferred from Pratt's account, be used by Boody & Company to make good that account, and that later, when the transfer was actually made, Mrs. Pratt gave Boody & Company authority to execute against her account orders given on it by her husband.

The plaintiffs contend that these are separate and distinct stipulations, and that only by suppressing the earlier oral agreement in favor of the later written authority can the controverted question of fact be eliminated from the case or taken from the jury. I do not know any rule of law that would compel the merger of the husband's stipulation with his brokers into that made with them by the wife. The two agreements were not at all alike, they did not have the same general object, and were not even between the same parties. At the time the earlier one was made, Mrs. Pratt had no known interest in the fund in the hands of Boody & Company, while Boody & Company inferentially had. Later

*35 Vroom.* . Boody v. Pratt.

when Mrs. Pratt gave her authority to Boody & Company, her husband had no known interest in the wife's fund excepting what he got from her. The husband's stipulation, therefore, may have been a provision for the protection of Boody & Company with which Mrs. Pratt had nothing whatever to do, while her written authority to Boody & Company was clearly given either for her own convenience or in the interest of her husband. It is not at all perceptible by me how the one agreement in the slightest degree modified still less destroyed the other, and, unless it did so, Mrs. Pratt had no right of action unless the balance of the account in her favor exceeded the sum originally transferred by her husband, viz., $15,000.

In any event the direction of a money verdict for the defendant upon her set-off, was error. The case should have gone to the jury under instructions, unless the trial court felt constrained by the uncontradicted proof of the husband's stipulation to direct a verdict for the defendant, because none could be rendered for the plaintiffs.

There must be a *venire de novo.*

*For affirmance*—THE CHIEF JUSTICE, DEPUE, NIXON, HENDRICKSON.

*For reversal*—DIXON, GARRISON, LIPPINCOTT, GUMMERE, LUDLOW, COLLINS, BOGERT, ADAMS, VREDENBURGH. 9.