68 295
69 546

DAVID A. BOODY ET AL., PLAINTIFFS IN ERROR, v. CAROLINE C. PRATT, DEFENDANT IN ERROR.

Argued June 27, 1902—Decided November 17, 1902.

1. The defendant's bill of particulars held to be sufficient.
2. On reference of a cause involving accounts the referee reported a sum due to the defendant; after exceptions to the report, a trial was had, at which the report was put in evidence, and on the strength of it the defendant recovered a judgment; on error, this judgment was reversed, for reasons not relating to the legal effect of the report as evidence. *Held,* that on a new trial the report was still entitled to its statutory force as *prima facie* evidence.
3. An agreement controlling the defendant's credits in an account with the plaintiffs, which was afterwards closed, would not necessarily apply to her credits in an account subsequently opened with them, unless the express terms of the agreement required such application.

On error to the Supreme Court.

For the plaintiffs in error, *Willard P. Voorhees* and *Alan H. Strong.*

For the defendant in error, *Frank Bergen.*

The opinion of the court was delivered by

DIXON, J.   The plaintiffs' declaration contained only the common counts, with a notice that the suit was brought to recover the amount due on an account between the plaintiffs and the defendant, which was annexed, and showed a balance of $11,756.66 due to the *defendant* on September 1st, 1893, being $11,518.71 due May 1st, 1893, and interest.   The defendant pleaded *non-assumpsit* and payment, with a notice of set-off which entitled her to a judgment in her favor for any balance found due to her.   On the plaintiffs' demand for a bill of particulars of her claim, the following was served:

"Boody, McLellen & Co. to Caroline C. Pratt, Dr.

"1893.  May 1.  To amount of money in their hands to the credit of said defendant as per account and statement furnished by said plaintiffs ................ $13,618.71

"Together with interest on said sum from the 1st day of May, 1893."

In 1898 the cause was sent to the Union Circuit for trial and was there referred to Joseph Cross, Esq., who, on February 21st, 1899, reported that on September 1st, 1893, there was due from the plaintiffs to the defendant the sum of $11,756.66.   The plaintiffs, having filed exceptions to this report, the cause was again sent to the Union Circuit for trial, and a finding for the defendant again resulted, with a consequent judgment in the Supreme Court.   This judgment

was reversed by this court (*Boody* v. *Pratt,* 35 *Vroom* 281), and a *venire de novo* was awarded.

The judgment now under review resulted from another trial in the Union Circuit, before Mr. Justice Van Syckel, without a jury.

At this trial the defendant moved the cause and offered in evidence, to support her set-off, the report of the referee; to this the plaintiffs objected on the ground that it did not correspond with the defendant's bill of particulars, and now further object that it was set aside by the reversal of the prior judgment.

Neither objection is supportable.

The trial justice had a right to conclude that the "account and statement furnished by said plaintiffs," which was referred to in the defendant's bill of particulars as showing her claim, was the account annexed to the plaintiffs' declaration, and hence was sufficiently accurate. So far as appeared, they had furnished no other. The difference in the amounts was not conclusive to the contrary.

The reversal of the former judgment did not impair the effect which the statute gives to a referee's report on the subsequent trial of the cause. On such trial it is *"prima facie* evidence of all the facts therein found and reported." *Practice act,* § 177; *Gen. Stat.,* p. 2562. The matters for trial are the issues raised by the pleadings, respecting which the report is to be offered and received as evidence, and the exceptions to the report, when produced, limit the range within which the exceptant can contradict the *prima facie* force of the report. *Paulison* v. *Halsey,* 9 *Vroom* 488, 494. The reversal of the determination of the trial court on those issues has no more effect upon this piece of evidence than it has on any other piece of legal evidence used at the trial.

The defendant also offered in evidence the plaintiffs' books of account, which showed the same balance in her favor as the report. These were objected to by the plaintiffs as incompetent; but the objection is manifestly baseless.

The plaintiffs having put in their evidence, the learned justice found in favor of the defendant for said balance of

$11,756.66 and interest, to which the plaintiffs object on the ground that their uncontradicted evidence entitled them to a finding in their favor.

According to this evidence an account between the plaintiffs and the defendant was opened on June 7th, 1888, by the defendant's husband, who then transferred $15,000 from his own account to her credit, under his agreement with the plaintiffs, that said sum and the account so constituted should be under the control of the husband and subject to all transactions which he might have with the plaintiffs, and, if his account should at any time require this amount of money to make his account good, it should be used for that purpose; the husband's account with the plaintiffs showed a balance against him exceeding $15,000.

To this objection made by the plaintiffs, there is sufficient answer.

The plaintiffs' books indicated that the account thus opened on June 7th, 1888, was closed on July 9th, 1888, and that a new account was opened with the defendant on August 30th, 1888. In the absence of evidence to the contrary, the learned justice might legally infer, and he did so find, that the closing of the first account exonerated this sum of $15,000 from any control which the husband might have had over it because of the fact that he had voluntarily transferred it from his own account, and from any control which the plaintiffs had over it because of the agreement, and that the new account was opened with money or securities belonging absolutely to the defendant. The plaintiffs seek to escape from this finding by the suggestion that the transactions occurred in New York, whose statutory law was not put in evidence, and therefore the husband's right to appropriate his wife's personalty continued, in accordance with the common law. But, conceding even this, there appeared no attempt on the part of the husband to exercise such a right, and the plaintiffs had no legal right to demand its exercise after they had released the $15,000 from the effect of the agreement.

We find no error in the record, and the judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, COLLINS, FORT, GARRETSON, HENDRICKSON, PITNEY, BOGERT, ADAMS, VREDENBURGH, VOORHEES, VROOM.    13.

*For reversal*—None.